**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:03-CR-52-DBH** |
| | ) | |
| **LARRY McCOULLUM,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SENTENCE**
**REDUCTION AND/OR MODIFICATION**

To the extent the defendant moves to reduce his sentence on account of the Fair Sentencing Act and the new crack cocaine Guideline, the motion is **DENIED**. This defendant was sentenced in 2003. The Fair Sentencing Act therefore does not apply to him. The defendant cites this court's decision in United States v. Douglas, 746 F. Supp. 2d 220 (D. Me. 2010), but Douglas was not sentenced until after the Fair Sentencing Act went into effect on November 1, 2010. In 2008, I denied a previous motion by this defendant to reduce his sentence on account of an earlier crack Guideline amendment, Order on Defendant's Motion to Reduce Sentence dated January 11, 2008 (ECF No. 86), and what I said there still governs. This defendant was sentenced originally under a statute that provided a mandatory life sentence, and his cooperation departure was measured from that life sentence. Changes to the crack cocaine Guidelines therefore do not affect his sentence. The Fair

Sentencing Act is not retroactive so as to apply to defendants previously sentenced.  United States v. Goncalves, 642 F.3d 245, 253 (1st Cir. 2011).

The defendant's other requests for relief are referred to the Magistrate Judge.

**SO ORDERED.**

**DATED THIS 12TH DAY OF JULY, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**